***Fitzgerald Jones vs. Staples Inc., et al.***
**CASE NO.:**
**State Court Action Case No.: 24-CA-005934**

# COMPOSITE EXHIBIT A

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**
**CIVIL DIVISION**

**FITZGERALD JONES,**

**CASE NO.:**

**Plaintiff,**

**vs.**

**STAPLES PARENT, INC., a Foreign Profit Corporation and BANK OF AMERICA, N.A.,**

**Defendant.** /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, FITZGERALD JONES, by and through the undersigned counsel, and sues Defendant, STAPLES PARENT, INC., a Foreign Profit Corporation and BANK OF AMERICA, N.A., alleging as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter in that it is an action for damages that exceed Fifty Thousand Dollars ($50,000.00).
2. Venue is proper in Lee County as the subject property is located in Lee County, Florida.

## GENERAL ALLEGATIONS

3. Defendant, STAPLES PARENT, INC., is now, and at all times herein mentioned was, a Foreign Profit Corporation duly organized and existing under the laws of Florida and duly authorized and licensed to do business in the State of Florida.
4. On or about January 13, 2021, Defendant STAPLES PARENT, INC., was making a supply delivery at the subject premises, owned by a third party, located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida, that was open to the general public.
5. On or about January 13, 2021, Defendant, BANK OF AMERICA, N.A., was in possession, custody and/or control of the subject premises located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida.
6. At all times material to this cause of action, Plaintiff, FITZGERALD JONES, was a patron of Defendant, BANK OF AMERICA, N.A., and therefore was upon the premises as a business invitee.

7. On or about January 13, 2021, Plaintiff, FITZGERALD JONES, was injured when he fell over a delivery cart left in the entryway of the subject commercial building while attempting to enter a specific business located therein.
8. The delivery cart in the entryway of the subject premises constituted an unreasonably dangerous condition when entering/exiting the building, and there were no warning signs to alert patrons of the dangerous condition.

## COUNT I
## NEGLIGENCE OF STAPLES PARENT, INC.

Plaintiff realleges paragraphs one (1) through eight (8) as fully set forth herein and further alleges:

9. At all times material to this cause of action, Defendant, STAPLES PARENT, INC., as owner, operator, and/or manager, or entity in actual control of said delivery cart, had a duty of reasonable care to maintain the locations of delivery in a reasonably safe condition for the safety of invitees on the subject premises.
10. Defendant, STAPLES PARENT, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.
11. Defendant, STAPLES PARENT, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
12. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings,

loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant, STAPLES PARENT, INC., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

**COUNT II**

**NEGLIGENCE OF BANK OF AMERICAN, N.A.**

Plaintiff realleges paragraphs one (1) through eight (8) as fully set forth herein and further alleges:

1. At all times material to this cause of action, Defendant, BANK OF AMERICA, N.A., as owner, operator, and/or manager, or entity in actual control of the subject premises located at [redacted] US Highway 41 SE, Fort Myers, Lee County, Florida, had a duty of reasonable care to maintain the locations of deliveries in a reasonably safe condition for the safety of invitees on the subject premises.
2. Defendant, BANK OF AMERICA, N.A., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.
3. Defendant, BANK OF AMERICA, N.A., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
4. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings,

loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant BANK OF AMERICA, N.A., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

**GOLDSTEIN, BUCKLEY,**
**CECHMAN, RICE & PURTZ, P.A.**
Attorneys for Plaintiff
P. O. Box 2366
Fort Myers, Florida 33902
(239) 334-1146
KLSservice@gbclaw.com
KLS@gbclaw.com

By: KRISTIN L. STOCKS
Florida Bar No. 46790

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION**

**FITZGERALD JONES,**

**CASE NO.: 2024CA5934**

**Plaintiff,**

**vs.**

**STAPLES, INC., a Foreign
Profit Corporation and BANK OF
AMERICA, N.A.,**

**Defendant. /**

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, FITZGERALD JONES, by and through the undersigned counsel, and sues Defendant, STAPLES, INC., a Foreign Profit Corporation and BANK OF AMERICA, N.A., alleging as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter in that it is an action for damages that exceed Fifty Thousand Dollars ($50,000.00).
2. Venue is proper in Lee County as the subject property is located in Lee County, Florida.

**GENERAL ALLEGATIONS**

3. Defendant, STAPLES, INC., is now, and at all times herein mentioned was, a Foreign Profit Corporation duly organized and existing under the laws of Delaware and duly authorized and licensed to do business in the State of Florida.
4. On or about January 13, 2021, Defendant STAPLES, INC., was making a supply delivery at the subject premises, owned by a third party, located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida, that was open to the general public.
5. On or about January 13, 2021, Defendant, BANK OF AMERICA, N.A., was in possession, custody and/or control of the subject premises located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida.
6. At all times material to this cause of action, Plaintiff, FITZGERALD JONES, was a patron of Defendant, BANK OF AMERICA, N.A., and therefore was upon the premises as a business invitee.

7. On or about January 13, 2021, Plaintiff, FITZGERALD JONES, was injured when he fell over a delivery cart left in the entryway of the subject commercial building while attempting to enter a specific business located therein.
8. The delivery cart in the entryway of the subject premises constituted an unreasonably dangerous condition when entering/exiting the building, and there were no warning signs to alert patrons of the dangerous condition.

**COUNT I**

**NEGLIGENCE OF STAPLES, INC.**

Plaintiff realleges paragraphs one (1) through eight (8) as fully set forth herein and further alleges:

9. At all times material to this cause of action, Defendant, STAPLES, INC., as owner, operator, and/or manager, or entity in actual control of said delivery cart, had a duty of reasonable care to maintain the locations of delivery in a reasonably safe condition for the safety of invitees on the subject premises.
10. Defendant, STAPLES, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.
11. Defendant, STAPLES, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
12. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings,

loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant, STAPLES, INC., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

**COUNT II**

**NEGLIGENCE OF BANK OF AMERICAN, N.A.**

Plaintiff realleges paragraphs one (1) through eight (8) as fully set forth herein and further alleges:

1. At all times material to this cause of action, Defendant, BANK OF AMERICA, N.A., as owner, operator, and/or manager, or entity in actual control of the subject premises located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida, had a duty of reasonable care to maintain the locations of deliveries in a reasonably safe condition for the safety of invitees on the subject premises.
2. Defendant, BANK OF AMERICA, N.A., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.
3. Defendant, BANK OF AMERICA, N.A., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
4. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings,

loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant BANK OF AMERICA, N.A., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

Dated this 1st day of October, 2024.

**GOLDSTEIN, BUCKLEY,**
**CECHMAN, RICE & PURTZ, P.A.**
Attorneys for Plaintiff
P. O. Box 2366
Fort Myers, Florida 33902
(239) 334-1146
KLSservice@gbclaw.com
KLS@gbclaw.com

By: KRISTIN L. STOCKS
Florida Bar No. 46790

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION**

**FITZGERALD JONES,**

**CASE NO.: 2024CA5934**

**Plaintiff,**

**vs.**

**STAPLES, INC., a Foreign Profit Corporation, BANK OF AMERICA, N.A. and SOUTHEASTERN FREIGHT LINES, INC. a Foreign Profit Corporation,**

**Defendant.** /

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, FITZGERALD JONES, by and through the undersigned counsel, and sues Defendant, STAPLES, INC., a Foreign Profit Corporation, BANK OF AMERICA, N.A., and SOUTHEASTERN FREIGHT LINES, INC. alleging as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter in that it is an action for damages that exceed Fifty Thousand Dollars ($50,000.00).
2. Venue is proper in Lee County as the subject property is located in Lee County, Florida.

**GENERAL ALLEGATIONS**

3. Defendant, STAPLES, INC., is now, and at all times herein mentioned was, a Foreign Profit Corporation duly organized and existing under the laws of Delaware and duly authorized and licensed to do business in the State of Florida.
4. On or about January 13, 2021, Defendant STAPLES, INC., was making a supply delivery at the subject premises, owned by a third party, located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida, that was open to the general public.
5. On or about January 13, 2021, Defendant SOUTHEASTERN FREIGHT LINES, INC., was making a supply delivery at the subject premises, owned by a third party, located at 13099 US Highway 41 SE, Fort Myers, Lee County, Florida, that was open to the general public.

**EXHIBIT A**

6. On or about January 13, 2021, Defendant, BANK OF AMERICA, N.A., was in possession, custody and/or control of the subject premises located at [redacted] US Highway 41 SE, Fort Myers, Lee County, Florida.
7. At all times material to this cause of action, Plaintiff, FITZGERALD JONES, was a patron of Defendant, BANK OF AMERICA, N.A., and therefore was upon the premises as a business invitee.
8. On or about January 13, 2021, Plaintiff, FITZGERALD JONES, was injured when he fell over a delivery cart left in the entryway of the subject commercial building while attempting to enter a specific business located therein.
9. The delivery cart in the entryway of the subject premises constituted an unreasonably dangerous condition when entering/exiting the building, and there were no warning signs to alert patrons of the dangerous condition.

## COUNT I
## NEGLIGENCE OF STAPLES, INC.

Plaintiff realleges paragraphs one (1) through nine (9) as fully set forth herein and further alleges:

10. At all times material to this cause of action, Defendant, STAPLES, INC., as owner, operator, and/or manager, or entity in actual control of said delivery cart, had a duty of reasonable care to maintain the locations of delivery in a reasonably safe condition for the safety of invitees on the subject premises.
11. Defendant, STAPLES, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.

12. Defendant, STAPLES, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
13. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings, loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant, STAPLES, INC., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

**COUNT II**

**NEGLIGENCE OF BANK OF AMERICAN, N.A.**

Plaintiff realleges paragraphs one (1) through nine (9) as fully set forth herein and further alleges:

14. At all times material to this cause of action, Defendant, BANK OF AMERICA, N.A., as owner, operator, and/or manager, or entity in actual control of the subject premises located at [redacted] US Highway 41 SE, Fort Myers, Lee County, Florida, had a duty of reasonable care to maintain the locations of deliveries in a reasonably safe condition for the safety of invitees on the subject premises.
15. Defendant, BANK OF AMERICA, N.A., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.

16. Defendant, BANK OF AMERICA, N.A., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
17. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings, loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant BANK OF AMERICA, N.A., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

**COUNT III**

**NEGLIGENCE OF SOUTHEASTERN FREIGHT LINES, INC.**

Plaintiff realleges paragraphs one (1) through nine (9) as fully set forth herein and further alleges:

18. At all times material to this cause of action, Defendant, SOUTHEASTERN FREIGHT LINES, INC., as owner, operator, and/or manager, or entity in actual control of said delivery cart, had a duty of reasonable care to maintain the locations of delivery in a reasonably safe condition for the safety of invitees on the subject premises.
19. Defendant, SOUTHEASTERN FREIGHT LINES, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:
    a. Failing to provide a safe place for business invitees;
    b. Creating an unreasonably dangerous condition;
    c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;
    d. Failing to inspect, discover and correct the aforementioned dangerous condition;
    e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,
    f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same.

20. Defendant, SOUTHEASTERN FREIGHT LINES, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous or hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.
21. As a result, Plaintiff, FITZGERALD JONES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, loss of earnings, loss of ability to earn in the future, and medical care and treatment. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, FITZGERALD JONES, sues the Defendant, SOUTHEASTERN FREIGHT LINES, INC., for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney fees, and demands a trial by jury of all issues triable as of right by a jury.

Dated this 5th day of November 2024.

**GOLDSTEIN, BUCKLEY,**
**CECHMAN, RICE & PURTZ, P.A.**
Attorneys for Plaintiff
P. O. Box 2366
Fort Myers, Florida 33902
(239) 334-1146
KLSservice@gbclaw.com
KLS@gbclaw.com

Kristin Stocks

By: KRISTIN L. STOCKS
Florida Bar No. 46790